1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JERRY A.N.,[1]

            Plaintiff,

      v.

ANDREW SAUL, Commissioner of
Social Security Administration,

           Defendant.

Case No. 2:19-cv-09974-JC

MEMORANDUM OPINION

## I.   SUMMARY

On November 21, 2019, plaintiff filed a Complaint seeking review of the Commissioner of Social Security's denial of his applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross-motions for summary judgment (respectively, "Plaintiff's Motion" and "Defendant's Motion"). The

_____

[1]Plaintiff's name is partially redacted to protect his privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1  Court has taken the parties' arguments under submission without oral argument.

2  See Fed. R. Civ. P. 78; L.R. 7-15; Case Management Order ¶ 5.

3  Based on the record as a whole and the applicable law, the decision of the

4  Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

5  ("ALJ") are supported by substantial evidence and are free from material error.

6  **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

7  **DECISION**

8  On June 30, 2016, plaintiff filed applications for Disability Insurance

9  Benefits and Supplemental Security Income, alleging disability beginning on

10  June 3, 2016, due to back and shoulder problems.  (See Administrative Record

11  ("AR") 95-96, 107-08, 212-19, 232).  An ALJ subsequently examined the medical

12  record and heard testimony from plaintiff (who was represented by counsel) and a

13  vocational expert on December 6, 2018.  (AR 33-80).  On December 21, 2018, the

14  ALJ determined that plaintiff has not been disabled since the alleged onset date of

15  June 3, 2016.  (AR 19-27).  Specifically, the ALJ found:  (1) plaintiff's

16  degenerative disc disease of the lumbar spine is a severe impairment (AR 22);

17  (2) plaintiff's impairments, considered individually or in combination, do not meet

18  or medically equal a listed impairment (AR 22); (3) plaintiff retains the residual

19  functional capacity ("RFC") to perform a reduced range of medium work

20  (20 C.F.R. §§ 404.1567(c), 416.967(c)) (AR 22-23); (4) plaintiff is capable of

21  performing his past relevant work as a truck driver, home attendant and

22  companion (AR 26); and (5) plaintiff's statements regarding the intensity,

23  persistence, and limiting effects of subjective symptoms were not entirely

24  consistent with the medical evidence and other evidence in the record (AR 23).

25  On September 27, 2019, the Appeals Council denied plaintiff's application

26  for review of the ALJ's decision.  (AR 1-3).

27  ///

28  ///

2

### III.   APPLICABLE LEGAL STANDARDS

#### A.   Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted), superseded by regulation on other grounds; 20 C.F.R. §§ 404.1505(a), 416.905.  To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations.  See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden of proof at steps one through four – i.e., determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The Commissioner has the burden of proof at step five – i.e., establishing that the claimant could perform other work in the national economy. Id.

///

///

3

1

### B.   Federal Court Review of Social Security Disability Decisions

2      A federal court may set aside a denial of benefits only when the

3   Commissioner's "final decision" was "based on legal error or not supported by

4   substantial evidence in the record."  42 U.S.C. § 405(g); Trevizo v. Berryhill, 871

5   F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The

6   standard of review in disability cases is "highly deferential."  Rounds v. Comm'r

7   of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation

8   marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could

9   reasonably support either affirming or reversing the decision.  Trevizo, 871 F.3d at

10   674-75 (citations omitted).  Even when an ALJ's decision contains error, it must

11   be affirmed if the error was harmless.  See Treichler v. Comm'r of Soc. Sec.

12   Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if

13   (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path

14   may reasonably be discerned despite the error) (citation and quotation marks

15   omitted).

16      Substantial evidence is "such relevant evidence as a reasonable mind might

17   accept as adequate to support a conclusion."  Trevizo, 871 F.3d at 674 (defining

18   "substantial evidence" as "more than a mere scintilla, but less than a

19   preponderance") (citation and quotation marks omitted).  When determining

20   whether substantial evidence supports an ALJ's finding, a court "must consider the

21   entire record as a whole, weighing both the evidence that supports and the

22   evidence that detracts from the Commissioner's conclusion[.]"  Garrison v.

23   Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

24      Federal courts review only the reasoning the ALJ provided, and may not

25   affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely."

26   Trevizo, 871 F.3d at 675 (citations omitted).  Hence, while an ALJ's decision need

27   not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's

28   ///

4

1   reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin,

2   806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

3         A reviewing court may not conclude that an error was harmless based on

4   independent findings gleaned from the administrative record. Brown-Hunter, 806

5   F.3d at 492 (citations omitted). When a reviewing court cannot confidently

6   conclude that an error was harmless, a remand for additional investigation or

7   explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173

8   (9th Cir. 2015) (citations omitted).

9   **IV.   DISCUSSION**

10        Plaintiff claims that the ALJ erred by failing properly to weigh and develop

11  the opinion evidence in determining plaintiff's RFC. (Plaintiff's Motion at 17-21).

12  For the reasons stated below, the Court concludes that a reversal or remand is not

13  warranted because plaintiff has failed to demonstrate any error on this issue, and

14  any other alleged error would be harmless because substantial evidence supports

15  the ALJ's disability determination.[2]

16        **A.   Pertinent Law**

17        When determining disability, an ALJ is required to consider a claimant's

18  impairment-related pain and other subjective symptoms at each step of the

19  sequential evaluation process. 20 C.F.R. § 416.929(a), (d). The ALJ does this, in

20  part, by assessing what physical and/or mental impairments limit the claimant's

21  ability to work, and whether such impairments prevent the claimant from

22  performing gainful employment. At step four, the ALJ determines whether the

23  claimant, with all of his physical and/or mental impairments, can perform the

24  ─────────────

25        [2]Specifically, plaintiff also argues that the ALJ erred (1) by finding that plaintiff's alleged

26  shoulder and knee impairments were not severe at step two of the sequential analysis; and (2) by
    relying on the vocational expert's testimony to find that plaintiff had past relevant work as a

27  "companion" and truck driver at step four. (Plaintiff's Motion at 11-17). These issues are
    addressed below in the context of the Court's analysis of the ALJ's assessment of the opinion

28  evidence and disability determination.

1   demands of his past relevant work.  In order to do so, the ALJ first determines the
2   claimant's RFC.  RFC represents "the most [a claimant] can still do despite [his]
3   limitations."  20 C.F.R. §§ 404.1545(a)(1),  416.945(a)(1).

4          When assessing RFC, an ALJ must evaluate "on a function-by-function
5   basis" how particular impairments affect a claimant's abilities to perform basic
6   physical, mental, or other work-related functions.  SSR 96-8p at *1 (citing, in part,
7   20 C.F.R. §§ 404.1545, 416.945).  An ALJ must consider all relevant evidence in
8   the record, including medical records, lay evidence, and the effects of a claimant's
9   subjective symptoms (e.g., pain), that may reasonably be attributed to a medically
10  determinable impairment.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th
11  Cir. 2006) (citations omitted); see 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)
12  (residual functional capacity is assessed "based on all of the relevant evidence in
13  [the] case record").  If an RFC assessment conflicts with an opinion from a
14  medical source, the ALJ "must explain why the opinion was not adopted."  SSR
15  96-8p; see also Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (an
16  ALJ must explain the rejection of uncontroverted medical evidence, as well as
17  significant probative evidence).

18         In Social Security cases, the amount of weight given to medical opinions
19  generally varies depending on the type of medical professional who provided the
20  opinions, namely "treating physicians," "examining physicians," and
21  "nonexamining physicians" (e.g., "State agency medical or psychological
22  consultant[s]").  20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a);
23  Garrison, 759 F.3d at 1012 (citation and quotations omitted).  A treating
24  physician's opinion is generally given the most weight, and may be "controlling"
25  if it is "well-supported by medically acceptable clinical and laboratory diagnostic
26  techniques and is not inconsistent with the other substantial evidence in [the
27  claimant's] case record[.]"  20 C.F.R. § 404.1527(c)(2); Revels v. Berryhill, 874
28  F.3d 648, 654 (9th Cir. 2017) (citation omitted).  In turn, an examining, but non-

treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion.  <u>Garrison</u>, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability.  <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  An ALJ may reject the uncontroverted opinion of either a treating or examining physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so.  <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted).  Where a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence."  <u>Garrison</u>, 759 F.3d at 1012 (citation and footnote omitted).  In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings."  <u>Bray v. Comm'r of Soc. Sec. Admin.</u>, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  <u>Garrison</u>, 759 F.3d at 1012 (citing <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted).  An ALJ must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a treating or examining physician's opinion.  <u>Embrey v. Bowen</u>, 849 F.2d 418, 421 (9th Cir. 1988); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted).

///

///

///

7

1

### B.     Analysis

2      Here, the ALJ found that plaintiff had the RFC to perform medium work

3    (20 C.F.R. §§ 404.1567(c), 416.967(c)),[3] except that plaintiff could only

4    occasionally stoop and crouch.  (AR 22-23).  In making this finding, the ALJ gave

5    great weight to the opinions of the non-examining state agency consultative

6    physicians, Dr. S. Strong, M.D., and Dr. J. Rule, M.D.  (AR 26).  Both opined that

7    plaintiff is capable of medium work with only occasional stooping and crouching

8    (AR 101-03, 113-15, 125-26, 136-37), and the ALJ found this consistent with the

9    medical evidence of record (AR 26).  The ALJ gave little weight to the other

10   medical opinions, including that of plaintiff's treating physician, Dr. Thelma T.

11   Fernandez, M.D., who opined on November 16, 2018, that plaintiff could lift or

12   carry no more than ten pounds occasionally; that he could not sit, stand, or walk

13   for even one hour in an eight-hour day; that plaintiff's pain would constantly

14   interfere with his ability to work; and that his impairments would cause him to

15   miss work more than four days a month, among other restrictions.  (AR 25, 391-

16   92).  The ALJ discounted Dr. Fernandez's opinion because its basis was unclear;

17   in particular, the ALJ stated that while Dr. Fernandez's treatment notes

18   documented some "clinical abnormalities," many of these were "non-specific,"

19   and were "not the sort of significant abnormalities that would support the extreme

20   exertional limitations as assessed."  (AR 25).

21      Plaintiff argues that the ALJ erred by "summarily reject[ing]" Dr.

22   Fernandez's treating opinion and giving great weight to the non-examining agency

23   consultants' opinions.  (Plaintiff's Motion at 17-21).  However, the ALJ gave

24   specific and legitimate reasons for discounting Dr. Fernandez's opinion by

25   reasonably determining that the severe limitations had no clear basis and

26

27

28      [3]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or
carrying of objects weighing up to 25 pounds."  20 C.F.R. §§ 404.1567(c), 416.967(c).

1   conflicted with the findings recorded in the treatment notes.  See Burrell v. Colvin,

2   775 F.3d 1133, 1140 (9th Cir. 2014) ("[A]n ALJ may discredit treating physicians'

3   opinions that are conclusory, brief, and unsupported by the record as a whole or by

4   objective medical findings.") (citation omitted); Johnson v. Shalala, 60 F.3d 1428,

5   1432 (9th Cir. 1995) (inadequate clinical findings provide clear and convincing

6   reasons for ALJ to reject treating physician's opinion).  Substantial evidence

7   supports that determination.  As the ALJ remarked, the few clinical abnormalities

8   documented in the treatment notes are indeed "non-specific," including notations

9   that merely indicate, for example, tenderness or limited range of motion in the

10  lumbar spine, knees, or right shoulder, without specifying the extent of such

11  symptoms.  (See, e.g., AR 335, 339, 375, 378, 380).  As recorded, Dr. Fernandez's

12  findings do not appear to reflect the severity of the limitations assessed in her

13  opinion.  Aside from some tenderness and limited range of motion, the treatment

14  notes reveal that plaintiff was in no acute distress, and his pain is rated as merely a

15  5 or 6 out of 10, or as low as a 2-4 out of 10.  (See AR 333, 335, 337, 339, 375,

16  378, 380).

17      The other evidence in the record also reasonably supports the ALJ's

18  conclusion, including generally mild diagnostic findings (see AR 343-48, 354) and

19  an orthopedic consultative exam on September 10, 2016, that revealed normal,

20  unremarkable results.[4]  (AR 318-24).  Although plaintiff asserts that the lumbar

21  spine imaging evidence "does show worsening" between 2003 and 2017,

22  including some "moderate" facet hypertrophy and "moderate to severe" disc space

23  narrowing (Plaintiff's Motion at 20; see AR 344-45), the ALJ reviewed all this

24  evidence and reasonably concluded that it did not warrant the degree of limitations

25

26          [4]The consultative examiner, Dr. Vicente Barnabe, D.O., opined that plaintiff had no
27  functional limitations.  (AR 324).  The ALJ gave this assessment little weight because the ALJ
    found that the medical evidence in the record did document a severe spinal impairment that
28  resulted in the limitations reflected in the RFC.  (AR 26).

assessed by Dr. Fernandez, and was instead consistent with the consultative opinions of Dr. Strong and Dr. Rule.  See Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Plaintiff disputes the ALJ's reliance on the 2016 consultative opinions in part because they could not account for the mid-2018 medical evidence regarding plaintiff's knee and shoulder conditions.  (Plaintiff's Motion at 20).  Plaintiff suggests the ALJ could not reject the alleged knee and shoulder limitations "without guidance from a timely professional opinion," and thus failed to fully develop the record.  (Plaintiff's Motion at 18-20).  However, the ALJ considered the evidence of these conditions in assessing the RFC, and reasonably found that they have at most a minimal effect on plaintiff's functioning.[5]  (AR 22, 25).  As noted above, Dr. Hernandez's examinations seemed to reveal little more than some tenderness and unspecified limited motion in the knees and shoulder, and only on some of appointments.[6]  (See, e.g., AR 335, 337, 375, 378, 380).  Moreover, July

---

[5]Plaintiff also contends that the ALJ erred at step two by finding that plaintiff's knee and shoulder conditions were non-severe.  (Plaintiff's Motion at 15-17).  Because the ALJ appropriately considered these impairments in determining the RFC, any error on this issue would be harmless.  See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to list impairment at step two harmless error where ALJ accounted for any impairment-related limitations at step four); Lowery v. Colvin, 2014 WL 183892, *4 (D. Or. Jan. 14, 2014) ("In the Ninth Circuit, excluding a diagnosis from the list of severe impairments at step two is significant only if the impairment caused additional functional limitations not accounted for in the RFC assessment.") (citing Lewis, 498 F.3d at 911); see generally 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity.").

[6]On some days, for example, examinations revealed some tenderness in the knee (e.g., AR 339, 375, 380), but none was noted on other days (e.g., AR 332-33, 335, 337, 378).  There was also some right shoulder tenderness on some days (AR 375, 378), but none on others (AR 332-33, 335, 337, 339, 380).

1   2018 x-rays of plaintiff's right knee showed "mild" tricompartmental osteoarthritis

2   and prominent chondrocalcinosis, and July 2018 x-rays of the right shoulder that

3   revealed only "mild" acromioclavicular osteoarthritis and "mild" glenohumeral

4   osteoarthritis.  (AR 346-47).

5        As plaintiff fails to demonstrate that the record was ambiguous or otherwise

6   inadequate for the ALJ properly to evaluate the evidence, the ALJ had no further

7   duty to develop the record regarding these alleged impairments.  See McLeod v.

8   Astrue, 640 F.3d 881, 885 (9th Cir. 2011) ("ALJ's duty to develop the record

9   further is triggered . . . when the record is inadequate to allow for proper

10  evaluation of the evidence.") (citations and quotation marks omitted).  Instead, the

11  ALJ appropriately gave great weight to the opinions of the non-examining

12  consultants, which the ALJ reasonably found to be consistent with the evidence of

13  record.  See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinion of

14  nonexamining doctor "may constitute substantial evidence when it is consistent

15  with other independent evidence in the record") (citation omitted).  Substantial

16  evidence supports the ALJ's assessment of plaintiff's functional limitations in the

17  decision.

18       Additionally, plaintiff argues that the ALJ erred in relying on the vocational

19  expert's testimony at step four to find that plaintiff had past relevant work as a

20  "companion" and a truck driver.  (Plaintiff's Motion at 11-15).  Plaintiff, however,

21  does not dispute that his job as a "home attendant" qualified as past relevant work.

22  At the hearing, the ALJ posed a hypothetical that mirrored the RFC finding in the

23  decision – i.e., able to perform medium work, but only occasionally stoop and

24  crouch – and thus included all of plaintiff's limitations that are supported by

25  substantial evidence in the record.  (AR 69).  The vocational expert testified that a

26  person with these limitations could perform plaintiff's past relevant work as a

27  home attendant, as both generally and actually performed at the medium level.

28  (AR 69).  Accordingly, substantial evidence supports the ALJ's disability finding

at step four, and any error as to other past relevant work would be harmless. See Hill v. Astrue, 698 F.3d 1153, 1161-62 (9th Cir. 2012) (vocational expert's testimony, in response to a hypothetical containing all limitations supported by substantial evidence, may constitute substantial evidence supporting the ALJ's decision); see also Smith v. Berryhill, 2017 WL 6541810, at *4 (C.D. Cal. Dec. 20, 2017) (error in finding claimant had past relevant work as a customer service representative was harmless because substantial evidence supported ALJ's determination that claimant had other past relevant work as an office assistant) (citing Molina, 674 F.3d at 1115).

**V.   CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  January 21, 2021

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE